IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PA YANG,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,[1]<br>Commissioner of Social Security,<br><br>    Defendant. | Case No. 1:07-cv-0044 OWW TAG<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR PLAINTIFF'S FAILURE TO COMPLY WITH COURT ORDERS AND FAILURE TO PROSECUTE (Docs. 7, 19) |

**BACKGROUND**

Plaintiff, Pa Yang, through counsel, is proceeding with an action in which Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security denying Plaintiff's application for Social Security disability benefits. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule 72-302(c)(15).

Plaintiff filed his complaint on January 6, 2007. (Doc. 1). On January 9, 2007, the Court issued a Scheduling Order, which provided, inter alia, that, absent factors not present in the instant case, Plaintiff's opening brief should be filed no later than ninety-five (95) days after Defendant lodged the administrative record. (Doc. 7). On June 25, 2007, Defendant filed the administrative record with the Court. (Doc. 15). On November 14, 2007, well past the date upon which Plaintiff's opening brief was due to be filed, this Court issued an Order to Show Cause ("OSC"), which directed Plaintiff to submit a written explanation as to why he had not filed a timely opening brief and/or to file her opening brief on or before November 30, 2007. (Doc. 19). The OSC advised Plaintiff that "failure to timely comply with this order will result in a

---

[1] Michael J. Astrue is substituted for his predecessor, Jo Anne B. Barnhart, as Commissioner of the Social Security Administration. 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d)(1).

recommendation that this action be dismissed." (Doc. 19). To date, Plaintiff has not filed a response to the OSC, an opening brief, or presented any reasons why this action should not be dismissed. (See Docket Sheet).

## **DISCUSSION**

This Court's Local Rule 11-110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-1261 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-1441 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for failure to obey a court order, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives. Carey, 856 F.2d at 1440; Henderson, 779 F.2d at 1423.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The third factor, risk of prejudice to Defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v.

Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-133; Henderson, 779 F.2d at 1424.  The Court's order of November 14, 2007, expressly stated: "**Plaintiff is admonished that failure to timely comply with this order will result in a recommendation that this action be dismissed.**" (Doc. 19) (emphasis in original).  Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

## CONCLUSION AND RECOMMENDATIONS

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED, without prejudice, for Plaintiff's failure to comply with the Court's Scheduling Order and Order to Show Cause, and for her failure to prosecute this action.  (Docs. 7, 19).

These Findings and Recommendations are submitted to the United States District Judge assigned to the case.  Within fifteen (15) days after being served with these Findings and Recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) court days after service of the objections.  The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 6, 2007**              /s/ Theresa A. Goldner
                                  UNITED STATES MAGISTRATE JUDGE